George E. FARRELL, as Administrator de bonis non of the Estate of Wyand F. Doerner, Jr., deceased, et al., Plaintiffs,

v.

PIEDMONT AVIATION, INC., the Boeing Company, United States of America, Rapidair, Inc., and Lanseair, Inc., Defendants.

Civ. A. No. 3000.

United States District Court,
W. D. North Carolina,
Asheville Division.

May 22, 1969.

See, also, 2 Cir., 411 F.2d 812.

Kreindler & Kreindler, Milton G. Sincoff, New York City, Hamrick & Bowen, Fred D. Hamrick, Jr., Rutherfordton, N. C., for plaintiffs.

Hill, Betts, Yamsoka, Freehill & Longcope, New York City, Clarence N. Gilbert, Asheville, N. C., for the Boeing Co.

Womble, Carlyle, Sandridge & Rice, Winston-Salem, N. C., Grady Barnhill, Chadbourne, Parke, Whiteside & Wolff, New York City, for Piedmont Aviation, Inc.

Bigham, Englar, Jones & Houston, New York City, Bussell, Hough & Greene, Springfield, Mo., Landon Roberts, Asheville, N. C., for Lanseair, Inc.

Haight, Gardner, Poor & Havens, New York City, Harry DuMont, Uzzell & DuMont, Asheville, N. C., for Rapidair, Inc.

Keith S. Snyder, U. S. Atty., Asheville, N. C., John G. Laughlin, Chief, and Herbert Lyons, Torts Section, U. S. Dept. of Justice, Washington, D. C., for United States.

MEMORANDUM AND
ORDER

WOODROW WILSON JONES, Chief Judge.

This matter is before the Court upon Motions filed by the plaintiffs and the defendant, Piedmont Aviation, Inc., and directed to the defendant, United States of America, under Rule 34, Federal

Rules of Civil Procedure, to produce "Certified copies of those two evaluations preceding July 19, 1967 and that evaluation on or immediately after July 19, 1967, prepared by the Analysis Branch of the Federal Aviation Administration reflecting evaluations of the Atlanta Center and the Asheville Combined Station/Tower."

The defendant United States objects to the production of any such reports of evaluation to the extent that said reports contain opinions and conclusions of employee experts and are exempt from discovery on the ground that such reports have been accorded a qualified public policy privilege protecting internal governmental memoranda from discovery, and on the grounds that 14 C.F. R. 185 et seq., precludes employees of the Federal Aviation Administration from rendering their opinions and conclusions regarding the subject matter of litigation in which the United States is a party. The plaintiffs and the defendant, Piedmont, seek these evaluation reports to find out if there is factual information therein which is (1) admissible in this case, or (2) will lead to the discovery of facts relative to this case.

Apparently, the Analysis Branch of the Federal Aviation Administration makes periodic examinations of the various installations of the agency and prepares for the use of the Administrator evaluation reports of these installations. The plaintiffs and defendant Piedmont desire to examine these evaluation reports relating to the installations in Atlanta and Asheville made immediately preceding and following the midair plane collision and the resulting crash which occurred on July 19, 1967, near Hendersonville, North Carolina, and upon which this litigation is based.

This Court is of the opinion that sufficient cause has not been shown by the plaintiffs and the defendant Piedmont to warrant the unusual procedure of producing these evaluations containing the opinions and conclusions of the employees of the Federal Aviation Administration.

The authorities are in sharp conflict as to the propriety of granting access in discovery proceedings to the conclusions and opinions of an expert of an adverse party. However, these reports go much further. To grant these motions the Government would be required to produce not only a report containing what might be an expert's opinion, but also an analysis and evaluation of a government facility prepared by an employee of the Federal Aviation Administration for the Administrator of said agency. It would require the production of a report containing opinions, conclusions and recommendations of said employee to the Administrator who had been chosen to perform a departmental investigation to aid the Administrator in the exercise of his statutory functions. The moving parties have failed to establish good cause for such an invasion of the administrative process. Craig v. Eastern Airlines, D.C., 40 F.R. D. 508 (1966); United States v. Certain Parcels of Land, D.C., 15 F.R.D. 224 (1954).

However, it is entirely possible that the reports contain factual information to which the plaintiffs and the defendant Piedmont would be entitled. The Court, therefore, will require the production of the factual information contained in said reports and evaluations, if indeed they contain such information. It may be difficult to separate the facts from the opinions, recommendations, analysis and conclusions. However, if any dispute arises between the attorneys relative to such factual information, then said reports may be submitted to the Court for an in camera inspection to determine the factual information, if any, contained therein. Boeing Airplane Co. v. Coggeshall, 108 U.S.App.D.C. 106, 280 F.2d 654 (D.C.Cir.1960).

The Court, therefore, denies the Motions to Produce said evaluations in their entirety, but ORDERS the United

States Government to produce to the plaintiffs and the defendant Piedmont the factual information contained in said reports. It is further ORDERED that in the event a controversy arises with reference to the identity of the factual information, if any, contained in said reports, such reports and evaluations in their entirety shall be submitted to the Court for an in camera inspection.